Blackford, J.
J.— Watson and another brought an action of debt against Cross on a judgment of a Court of record in the State of Michigan. The judgment on which the suit was founded is for $2,054.58.
Plea as follows: “The defendant says nothing as to the plaintiff's cause of action, as to $1,054.58 parcel of the said sum of $2,054.58 in the declaration demanded. And as to the *138 residue of the said sum of $2,054.58, viz., $1,000, the defendant files his plea of payment in these words: Cross ats. Watson and Ingraham. And the defendant comes and defends, &c., and as to $1,000 of said sum of money above demanded says actio non, because he says that after the rendition of the said judgment in the declaration mentioned, and before the commencement of this suit, viz., on, &c., he fully paid and satisfied the plaintiffs the full amount of the said sum of money above demanded, viz., ar, &c., and this he is ready to verify, &c.”
Replication. The plaintiffs say precludi non, because they say that the defendant did not fully pay and satisfy them the said sum of money in the plea specified, viz., $1,000, in manner and form as in the plea alleged;- and this they pray may be inquired of by the country. To this replication, the defendant added the similiter.
The issue was submitted to the Court without a jury. Judgment as follows: It is considered that the plaintiffs have and recover of and against the defendant the sum of $1,054.58, parcel of the said sum of $2,054.58 in the declaration demanded, and also the further sum of $1,000, remaining part of said sum of $2,054.58, making in all the sum of $2,054.58, in debt, besides their costs and charges in this behalf laid out and expended.
As the plea professes to answer only a part of the cause of action, it could be considered as an answer only to that part, though it might, in reality, contain a legal defense to the whole declaration. Archbold’s Civil Pleading, 168. The plaintiffs, therefore, did right in this case, whether the matter ^pleaded be in bar of the whole suit or not, to treat the plea as only an answer to so much of the demand as it professed to answer. They might, before they replied to the plea, have taken the judgment by nil dicit to which they were entitled; but as that judgment was rendered during the term at which the plea was pleaded, it was entered in time. 1 Will. Saund., 28, note h.(1)
There is no objection made to the other part of the judgment.
C. W. Ewing and P. Brackenridge, for the plaintiff.
W- M, Jenners and J. B. Howe, for the defendants.
Per Curiam.—The judgment is affirmed, with 3 per cent. damages and costs.

 Vide Fitch v. Polke, Vol. 5 of these Rep., 86, and note.